UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE M. JOHNSON, | No. 2:14-cv-0580 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA MEDICAL FACILITY HEALTH SERVICES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner at the California Medical Facility (CMF), proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302, and 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
2   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
3   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
4   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5         The complaint attempts to state an Eighth Amendment claim (deliberate indifference to
6   serious medical needs), against several defendants for allegedly refusing to effectively treat
7   plaintiff's surgical wound.  Plaintiff alleges that after he received surgery on his "flexor digitorum
8   profundus pollicis longus" (apparently in his forearm and/or hand), the stitches were prematurely
9   removed on the seventh, rather than the prescribed tenth, day thereafter, resulting in the wound
10  coming open four hours later.  The only defendant against whom plaintiff makes specific
11  allegations is defendant "Supervisor R.N. Luisa [who] refused to dress wound, she just put an
12  band ads on it, I asked her 4 times to dress it, open wound giving me serious pain and bleeding."
13  (Sic) (ECF No. 1 at 3.)  Thereafter, plaintiff alleges, each nurse dressed the wound differently,
14  allegedly causing plaintiff pain, burning, and a "bad scar."  Plaintiff alleges that he had to ask for
15  physical therapy, which was delayed for one month, and that his request for "pain management"
16  was denied.  In addition to defendant Luisa, plaintiff names five other nurses (Hipaitto, Naidee,
17  Mandoza, Reayes, and Malik), the Chief Medical Officer Zamora, the "Doctor's in B-1 Treatment
18  Clinic" (sic), and, generally, the California Medical Facility Health Care Services.

19        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
20  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
21  allegations of the complaint are specific as to only defendant.  However, even plaintiff's specific
22  allegations against defendant Luisa fail to state an Eighth Amendment claim.  "Mere
23  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
24  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S.
25  97, 105-06 (1976)).  To state a claim for deliberate indifference to serious medical needs, a
26  prisoner must allege that a specifically identified prison official, while performing or failing to
27  perform specific acts, "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety;
28  the official must both be aware of the facts from which the inference could be drawn that a

1  substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan,
2  511 U.S. 825, 837 (1994).

3      Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
4  notice and state the elements of the claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
5  Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some
6  degree of particularity overt acts which defendants engaged in that support plaintiff's
7  constitutional claim. Id.  Because plaintiff has failed to meet these requirements, the complaint
8  must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

9      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
10 about which he complains resulted in the alleged deprivation of plaintiff's constitutional rights.
11 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  The complaint must allege in specific terms how each
12 named defendant is involved. Id.  There can be no liability under 42 U.S.C. § 1983 unless there is
13 some affirmative link or connection between a defendant's actions and the claimed deprivation.
14 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
15 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights
16 violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17     Plaintiff is informed that an amended complaint must be complete in itself without
18 reference to any prior pleading. Local Rule 220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
19 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.  Therefore,
20 in an amended complaint, as in an original complaint, each claim and the involvement of each
21 defendant must be sufficiently alleged.

22     In accordance with the above, IT IS HEREBY ORDERED that:
23     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
24     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
25 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
26 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
27 Director of the California Department of Corrections and Rehabilitation filed concurrently
28 herewith.

4

1     3. Plaintiff's complaint is dismissed.

2     4. Within thirty days from the filing date of this order, plaintiff may complete the
3 attached Notice of Amendment and submit the following documents to the court:

4       a. The completed Notice of Amendment; and

5       b. An Amended Complaint.

6 An Amended Complaint must be so labeled, and bear the docket number assigned to this case; the
7 Amended Complaint must comply with the requirements of the Civil Rights Act, the Federal
8 Rules of Civil Procedure, and the Local Rules.

9     5. Failure to timely file an Amended Complaint in accordance with this order will result
10 in a recommendation that this action be dismissed.

11     SO ORDERED.

12 Dated: March 17, 2014

14 /john0580.14.new

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE M. JOHNSON, | No. 2:14-cv-0580 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| CALIFORNIA MEDICAL FACILITY HEALTH SERVICES, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____ Amended Complaint

_____     _____
Date                                 Plaintiff

1