1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACKIE M. JOHNSON,                          No.  2:14-cv-0580 KJN P

12                 Plaintiff,

13        v.                                      ORDER

14   CALIFORNIA MEDICAL FACILITY
     HEALTH SERVICES, et al.,
15
                   Defendants.
16

17

18        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed

19   pursuant to 42 U.S.C. § 1983.  By order filed March 17, 2014, plaintiff's complaint was

20   dismissed with leave to file an amended complaint.  Plaintiff has consented to the jurisdiction of

21   the magistrate judge (ECF No. 7), see 28 U.S.C. § 636(c), and Local Rule 305(a), and filed an

22   Amended Complaint (ECF No. 8).

23        The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

25   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

26   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

27   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

28   U.S.C. § 1915A(b)(1) & (2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting Conley v. Gibson, 355

12   U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15   550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

16   "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

17   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, in turn

18   quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard,

19   the court must accept as true the allegations of the complaint in question, Erickson, id., and

20   construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S.

21   232, 236 (1974).

22    In his original complaint, as in his Amended Complaint, plaintiff asserts an Eighth

23   Amendment claim for deliberate indifference to his serious medical needs,[1] based on the

24   ───────────────────

25   [1]    Plaintiff is informed of the legal standards for stating a deliberate indifference claim under
the Eighth Amendment:

26   "[D]eliberate indifference to serious medical needs of prisoners constitutes the
unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment.  This is true

27   whether the indifference is manifested by prison doctors in their response to the prisoner's needs

28   or by prison guards in intentionally denying or delaying access to medical care or intentionally

2

interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104).  Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014).  Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact.  "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.  The inference of knowledge from an obvious risk has been described by the Supreme Court as a rebuttable presumption, and thus prison officials bear the burden of proving ignorance of an obvious risk. . . . [D]efendants cannot escape liability by virtue of their having turned a blind eye to facts or inferences strongly suspected to be true . . . ." Coleman v. Wilson, 912 F. Supp. 1282, 1316 (E.D. Cal. 1995) (citing Farmer, 511 U.S. at 842-

1   allegedly premature removal of surgical stitches which allegedly resulted in significant pain and

2   disfigurement.  The court dismissed plaintiff's original complaint because his allegations were

3   both vague and conclusory – although plaintiff named six nurses, he made specific allegations

4   against only one of them, viz., that Supervising RN Luisa "refused to dress [the] wound,"

5   providing only a band aid, apparently after another nurse removed the stitches.  Plaintiff further

6   claimed that, thereafter, each nurse dressed the wound differently, apparently resulting in further

7   pain and scarring.

8       In his Amended Complaint, plaintiff is even less specific.  While he again alleges that his

9   stitches were prematurely removed, following surgery for a ganglion lymphoma, he does not

10  identify which nurse removed the stitches, or which nurse provided the band aid after the incision

11  opened, or which nurse or emergency doctor refused plaintiff's request(s) to re-stitch the incision.

12  No specific defendant is identified in tandem with any of plaintiff's factual allegations.

13      The court previously informed plaintiff that he must be specific in identifying which

14  defendant(s) allegedly engaged in what conduct.  A complaint must give fair notice to defendants

15  of the claims against them. Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646,

16  649 (9th Cir. 1984).  Plaintiff must identify what overt acts (or failure to act) each defendant

17  allegedly engaged in; he must allege in specific terms how each defendant allegedly violated his

18  constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no cognizable

19  claim or liability under Section 1983 unless there is an affirmative link or connection between a

20  defendant's alleged action and the claimed constitutional  deprivation.  Id.; see also May v.

21  _____

22  43) (internal quotation marks omitted).

23      When the risk is not obvious, the requisite knowledge may still be inferred by evidence
    showing that the defendant refused to verify underlying facts or declined to confirm inferences

24  that he strongly suspected to be true.  Farmer, 511 U.S. at 842.  On the other hand, prisons
    officials may avoid liability by demonstrating "that they did not know of the underlying facts

25  indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or
    that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts

26  gave rise was insubstantial or nonexistent."  Id. at 844.  Thus, liability may be avoided by
    presenting evidence that the defendant lacked knowledge of the risk and/or that his response was

27  reasonable in light of all the circumstances.  Id. at 844-45; see also Wilson v. Seiter, 501 U.S.
    294, 298 (1991); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).

28

1    Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

2    1978).

3         Pursuant to these standards, the Amended Complaint fails to state a cognizable Eighth

4    Amendment claim against any defendant.  Therefore, the court will dismiss the Amended

5    Complaint, and grant plaintiff one final opportunity to file an adequate complaint.

6         The court further notes that the California Medical Facility (CMF) is not a proper

7    defendant in this action.  Section 1983 imposes liability only on "persons" who violate an

8    individual's federal rights while acting under color of state law.  CMF is not a "person" for

9    purposes of Section 1983.  Plaintiff should not name CMF as a defendant in his further amended

10   complaint.

11        In the interests of justice, the court will grant plaintiff leave to file a Second Amended

12   Complaint.  Plaintiff need not file a Second Amended Complaint; however, if he chooses to do

13   so, he must demonstrate how the conditions complained of resulted in the alleged deprivation of

14   plaintiff's federal constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

15   Second Amended Complaint must allege in specific terms how each named defendant was

16   involved in the alleged deprivation of plaintiff's rights.  Vague and conclusory allegations of

17   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

18   F.2d 266, 268 (9th Cir. 1982).

19        Local Rule 220 requires that an amended complaint be complete in itself without

20   reference to any prior pleading.  Once plaintiff files a Second Amended Complaint, the prior

21   pleading serves no function in this case.  Therefore, in a Second Amended Complaint, each claim

22   and the involvement of each defendant must be clearly and sufficiently alleged.

23        Accordingly, IT IS HEREBY ORDERED that:

24        1. Plaintiff's April 18, 2014 Amended Complaint (ECF No. 8) is dismissed, with leave to

25   amend.

26        2. Within thirty days from the date of this order, plaintiff shall complete the attached

27   Notice of Amendment and submit the following documents to the court:

28             a.  The completed Notice of Amendment; and

5

1     b.  An original and one copy of the Second Amended Complaint.

2  Plaintiff's Second Amended Complaint shall comply with the requirements of the Civil Rights

3  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; it shall bear the docket

4  number assigned this case; and it must be labeled "Second Amended Complaint."

5     3.  Failure to timely file a Second Amended Complaint in accordance with this order will

6  result in the dismissal of this action without prejudice.

7  Dated:  May 8, 2014

8

9  /john0580.14.AC

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACKIE M. JOHNSON,                         No.  2:14-cv-0580 KJN P

12                    Plaintiff,

13          v.                                   NOTICE OF FURTHER AMENDMENT

14   CALIFORNIA MEDICAL FACILITY
     HEALTH SERVICES, et al.,
15
                     Defendants.
16

17

18          Plaintiff hereby submits the following document in compliance with the court's order

19   filed_____.

20

21                      _____          Second Amended Complaint

22

23

24   _____          _____

25   Date                                          Plaintiff

26

27

28
                                                1