UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE M. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA MEDICAL FACILITY HEALTH SERVICES, et al.,<br><br>    Defendants. | No. 2:14-cv-0580 WBS KJN P<br><br>ORDER |

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 18, 2015, the assigned district judge ordered that this action would proceed on plaintiff's third amended complaint. (ECF No. 34.)

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    For reasons that are unclear to the court, the statement of claim in plaintiff's third amended complaint consists of a single paragraph, and omits nearly all of the material allegations against sole defendant Luisa Plasencia that were included in plaintiff's second amended

1

complaint.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the third amended complaint must be dismissed. The court will, however, grant leave to file a fourth amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 3, 2015 discovery and scheduling order (ECF No. 29) is hereby vacated.

2. Plaintiff is granted thirty days in which to file a fourth amended complaint that names Luisa Plasencia as the sole defendant, and that includes all material allegations necessary to state

1 | a claim against defendant Plasencia.

2 | Dated:  November 2, 2015

/john0580.dso.vacate+14

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE